831 F.2d 872
 19 Soc.Sec.Rep.Ser. 393, Unempl.Ins.Rep. CCH 17,656
Frank STARR, Plaintiff-Appellee,
v.
Otis R. BOWEN, M.D., Secretary of the United States
Department of Health and Human Services,
Defendant-Appellant.
 No. 86-4094.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 9, 1987.
Decided Nov. 2, 1987.
 
 Richard L. Parish, Helena, Mont., for plaintiff-appellee.
 Jeffrey C. Blair, Denver, Colo., and Carl E. Rostad, Great Falls, Mont., for defendant-appellant.
 Appeal from the United States District Court for the District of Montana.
 Before KENNEDY and BEEZER, Circuit Judges, and AGUILAR,* District Judge.
 BEEZER, Circuit Judge:
 
 
 1
 The Secretary of Health and Human Services challenges the district court's apportionment of attorney's fees out of a disability benefits award. Because we conclude that the factual findings are insufficient to support the amount granted, we vacate the district court's fee award and remand for further findings consistent with this opinion.
 
 FACTS
 
 2
 Frank Starr applied for disability benefits in 1981. Although the Administrative Law Judge (ALJ) granted his application, that decision was reversed by the Social Security Administration Appeals Council. On appeal, the district court granted Starr's motion for summary judgment and reinstated his disability benefits. The Secretary did not appeal the district court's decision.
 
 
 3
 Starr's attorney subsequently moved for a fee award pursuant to 42 U.S.C. Sec. 406(b)(1), attaching an affidavit accounting for the time he had spent conducting Starr's successful appeal. Without giving the Secretary an opportunity to respond, the district court granted the fee request in full. The fee award amounted to $8,237.27, which is 25% of Starr's past-due benefits and equivalent to a fee of almost $150 per hour. The district court gave great weight to a 25% contingent fee agreement signed by Starr and his attorney.
 
 
 4
 The Secretary moved under Rule 59(e) to alter or amend the attorney's fee award, arguing that the fee request was unreasonable and excessive. After a hearing, the district court denied the Secretary's motion and affirmed its earlier order granting the attorney's fees.
 
 ANALYSIS
 
 5
 We review the amount of attorney's fees awarded by the district court for an abuse of discretion. General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir.1986).
 
 
 6
 Attorney fee awards for successful social security disability claimants are authorized by statute:
 
 
 7
 Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....
 
 
 8
 42 U.S.C. Sec. 406(b)(1). In each case, the district judge must determine the reasonableness of the fee requested by an attorney for services rendered to the claimant. MacDonald v. Weinberger, 512 F.2d 144, 146 (9th Cir.1975). We have recognized that "while the attorney's compensation must be sufficient to encourage members of the bar to undertake representation of disability claimants, the disability award, from which the attorney's fee is paid, is normally an already-inadequate stipend for the support and maintenance of the claimant and his dependents." Id. at 146-47. Although the district judge may consider the fact that Starr's attorney accepted employment on a contingent fee basis, "the judge may not unquestionably approve the award of the 25 percent maximum fee, or any other amount claimed on the basis of a contingent fee contract." Id. at 147. The responsibility of the district judge is to "assess the value of the lawyer's services to the client, as the judge observes those services in the judicial proceedings." Id.
 
 
 9
 With admirable professional candor, the claimant's attorney acknowledged the standing of the Secretary to challenge the fee award. However, the claimant's attorney urged us to determine that in this case the contingent fee was fair and reasonable compensation for the services rendered. Without adequate findings sufficient to measure the reasonableness of the fee granted, we must vacate the award and remand for a proper recalculation of the award. The district judge is instructed to consider carefully the guidelines and factors set forth by the Supreme Court and by us in ascertaining a reasonable attorney's fee award.
 
 
 10
 The district court does not sit to approve routinely a contingent fee contract between social security claimants and their counsel. The district court's analysis should initially begin with the Supreme Court's directive that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); see also Greater Los Angeles County on Deafness v. Community Television, 813 F.2d 217, 221 (9th Cir.1987). After calculating this lodestar amount, the district court may adjust the fee by considering the factors identified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1762, 48 L.Ed.2d 195 (1976):
 
 
 11
 (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.
 
 
 12
 Id. at 70; see also Hensley, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9 (noting that the district court may also consider the twelve factors in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974), which were expressly adopted by this court in Kerr ).[1]
 
 
 13
 The record before us fails to show that the district court evaluated the fee award by considering the foregoing factors. We vacate the district court's fee award and remand for further findings consistent with this opinion. On remand, the district judge must conduct a more detailed inquiry into the reasonableness of the fee award in light of standards enunciated in Hensley and Kerr.[2] We express no opinion as to the proper amount of the ultimate award.
 
 
 14
 VACATED and REMANDED.
 
 
 
 *
 Honorable Robert P. Aguilar, United States District Judge, Northern District of California, sitting by designation
 
 
 [1]
 We realize that some of these factors are usually subsumed within the initial calculation of the lodestar amount. Pennsylvania v. Delaware Valley Citizens' Council, --- U.S. ----, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986); Hensley, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9; Miller v. Los Angeles Bd. of Education, 827 F.2d 617, 620 n. 4 (9th Cir.1987). Nonetheless, the Supreme Court has recognized that Hensley adopted a hybrid approach that shared elements of both Johnson (the twelve factors adopted by Kerr ) and the lodestar method of calculation. Delaware Valley Citizens' Council, --- U.S. at ----, 106 S.Ct. at 3097
 
 
 [2]
 The district court may, in its discretion, conduct its inquiry by either oral testimony or affidavits