**Willie TERRY, Sr., SSN: 448–24–7357, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CIV 86–0954 PHX WPC.**

United States District Court, D. Arizona.

April 26, 1989.

Joel Friedman, Phoenix, Ariz., for plaintiff.

John Mayfield, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

On January 20, 1989, this Court ordered that attorneys fees in the amount of $4,718.72 be paid to Plaintiff's counsel, pursuant to Title 42 U.S.C. § 406(b)(1). This Order awarded fees at an hourly rate of $125.00 for 37.75 hours. On February 2, 1989, Plaintiff's counsel filed a Motion to Reconsider and Amend or Alter Findings and Order. This Motion requested that the Court dispose of all outstanding issues and increase the hourly fee award to $200.00. The Defendant objected to these requests, citing recent Ninth Circuit law relating to fee enhancement. Plaintiff's counsel then urged that the Court increase the fee award after re-evaluating the contingency fee agreement reached with his client. The parties fully briefed their positions and argument was heard. The Court now rules on Terry's Motion to Reconsider and Amend or Alter Findings.

*The January 20, 1989 Fee Award*

Plaintiff's counsel spent 37.75 hours preparing, writing and arguing the issues before this Court. This is not an inordinate

amount of time, and in fact, falls right in line with one court's determination of an average. *See Rodriguez v. Bowen,* 865 F.2d 739, 747 (6th Cir.1989) ("An interesting in-house survey performed by Chief Judge Carl Rubin of the Southern District of Ohio and encompassing seven years of data found that the average number of hours asserted in the fee petition was 37.3") Recognizing that Plaintiff's counsel has considerable expertise in the area and that his time would be higher than the submitted 37.75 hours without this expertise, this factor alone does not support an award of $200.00 per hour on this case.

■ Terry's Motion for Summary Judgment was granted after he proved that he was incapable of returning to his prior job. Once that proof was made, the burden shifted to the Defendant to present sufficient evidence of available jobs Terry was capable of performing. Terry's counsel did not need to overcome complex legal or factual obstacles in prevailing on the Motion for Summary Judgment. Without this need, an award totaling 25% of Terry's benefit amounts is unjustified. *Rodriguez v. Bowen,* 865 F.2d 739, 747.

This Court "may not unquestionably approve the award of the 25% maximum fee or any other amount claimed on the basis of the contingent fee contract." *Starr v. Bowen,* 831 F.2d 872, 873 (9th Cir.1987). The Court must determine a reasonable fee amount. *Starr,* 831 F.2d at 873.

*The Contingency Fee Factor*

Terry's counsel requests that this Court place greater weight on the contingency nature of the relationship with his client. The risk of loss, he argues, is the "most fundamental determining element of a decision to appeal a Social Security case in the first instance." *See* Terry's Memorandum in Support of Motion to Reconsider, page 3. While this risk is a fundamental factor, it must be balanced against several competing factors.

In addition to the factors discussed in the January 20, 1989 Memorandum and Order, the Court must also weigh: (1) the existence of an already inadequate stipend to social security disability claimants, *Mac-*

*Donald v. Weinberger,* 512 F.2d 144, 146–147 (9th Cir.1975); (2) the need to maximize these benefits; (3) the need for adequate representation of disability claimants seeking benefits under the Social Security Act, *Coup v. Heckler,* 834 F.2d 313, 325 (3rd Cir.1987); and (4) the Supreme Court's recent pronouncements limiting the receipt of a higher award based upon a contingency fee agreement. *See Pennsylvania v. Delaware Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 3086–3088, 97 L.Ed.2d 585 (1987) (The risk of loss alone is not sufficient to adjust the lodestar rate and adjustment for risks should be rarely applied). The Court must balance all of these factors with the risks inherent within the contingency fee agreement, as well as Mr. Terry's willingness to pay his lawyer more to take the case. *Wells v. Bowen,* 855 F.2d 37, 44–45 (2nd Cir.1988).

The Court's analysis began with a determination of the lodestar figure. *Kerr v. Screen Extras Guild,* 526 F.2d 67 (9th Cir. 1975), *cert. den.* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). Any adjustment above the lodestar calculation must be based on specific evidence that the quality of the representation was "superior to that one should reasonably expect in light of hours charged and that success was exceptional." *Blum v. Stenson,* 465 U.S. 886, 899, 104 S.Ct. 1541, 1549, 79 L.Ed.2d 891 (1984). While the contingent fee factor certainly has some bearing on the ultimate decision in this matter, this Court may not "rubberstamp" the full contingent fee figure. *Straw v. Bowen,* 866 F.2d 1167, 1171 (9th Cir.1989).

Terry's counsel objects to the $125.00 figure which was based, in part, on an award he received in a prior decision of this Court. The prior decision allowed this fee award under the Equal Access to Justice Act and Terry's counsel objects to the use of the hourly rate as the base rate. Counsel argues that this rate should reflect the starting point for an award to be adjusted upward based on factors such as the contingency fee agreement. The Court does not agree that the $125.00 per hour figure

represents merely a starting point to be adjusted based on any number of factors.

The Ninth Circuit recently found that the highest rate authorized for attorney fee awards in similar cases was $150.00, while the overwhelming majority approved fees in the amount of $100.00 per hour. *Straw v. Bowen,* 866 F.2d 1167, 1170.

■ Counsel requests an award of $200.00 per hour. The Court does not find that the contingency fee arrangement warrants an increase of $75.00 per hour above the $125.00 per hour awarded in the January 20, 1989 Memorandum and Order. The Court does find that the factors discussed in that Order, the risks associated with the representation of Social Security cases, Terry's willingness to pay his lawyer more to take the case based on his own affidavit and the need to ensure legal representation of Social Security claimants, warrant an increase of $25.00 per hour more than the original award of $125.00 per hour. Therefore, Terry's counsel is entitled to a total award of $150.00 per hour for 37.75 hours. The $150.00 per hour figure adequately balances the competing interests of the contingency relationship with the burdens expressed in *Blum v. Stenson* and the factors outlined in *Kerr. Straw,* 866 F.2d 1167, 1170.

Therefore,

IT IS ORDERED:

1. Plaintiff's Motion to Reconsider is Granted.

2. Plaintiff's Motion to Amend or Alter the Findings in the January 20, 1989 Memorandum and Order is Granted.

3. Fees in the total amount of $5,662.50 ($150.00 per hour for 37.75 hours) are awarded to Plaintiff's counsel pursuant to Title 42 U.S.C. § 406(b)(1).