**Andrew M. VOLKERS, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CV 87–56–M–CCL.**

United States District Court, D. Montana, Missoula Division.

Jan. 7, 1991.

**872**

Lloyd E. Hartford, Billings, Mont., for plaintiff.

Kris A. McLean, Butte, Mont., for defendant.

## OPINION AND ORDER

LOVELL, District Judge.

Before the court is Plaintiff Andrew Volkers' motion for fees and expenses under the Equal Access to Justice Act pursuant to 28 U.S.C. § 2412 (EAJA fees). Plaintiff's counsel also moves for an award of attorneys' fees in the amount of 25 percent of Plaintiff's past-due disability benefits pursuant to 42 U.S.C. § 406(b)(1) (SSA fees). Counsel bases both claims on services rendered to Plaintiff in the course of Plaintiff's successful appeal of a final decision of Defendant Louis W. Sullivan (the Secretary) which denied Plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.

The court entertains these dual fee applications because "Congress made clear in the 1985 reenactment of EAJA that cases falling within the fee provision of the Social Security Act may also be subject to EAJA." *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986). Counsel recognizes that, although he may prevail on both motions, he is not entitled to "double payment of fees for the same work under both statutes." *Id.* Accordingly, the court will consider each motion separately.

## EAJA FEES

Plaintiff argues that, as the prevailing party in the instant action, he is entitled to attorneys' fees at an hourly rate of $125 per hour from the Secretary, because the Secretary's position was not substantially justified. The Secretary responds that its position was substantially justified

because a reasonable person could have thought that the Secretary was correct to deny Plaintiff's benefit claim.

The court shall award Plaintiff the attorneys' fees which he incurred in this action, "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" as used in the statute means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The Secretary has the burden of proving that his position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir.1987).

Magistrate Judge Holter, in the findings and recommendation adopted by the court, stated that "even a cursory review of the record establishes merit to claimant's position." (Findings, pp. 9–10). The magistrate judge found three specific grounds for reversing the Secretary, including the fact that the Secretary disregarded the uncontradicted opinion of Plaintiff's treating physician. (Findings pp. 10–11). Where the Secretary has disregarded "established case law requiring an especially high degree of deference to uncontradicted opinions of treating physicians," the secretary has made an error of law. *Breding v. Sullivan*, No. 87–130–BLG–JFB, slip op. at 4, 1989 WL 296726 (D.Mont. Oct. 2, 1989). Because the Secretary based his decision, at least in part, on an error of law, the court finds that the Secretary's position was not substantially justified and Plaintiff is entitled to an award of fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(A).

■ The statute places a $75 per hour cap on the amount of the attorneys' fee which can be awarded, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff asks the court to increase the hourly rate from the statutory cap of $75 to $125 because of the increase in the cost of liv-

ing, which he substantiates by reference to the Consumer Price Index (CPI), and the limited availability of qualified attorneys for this type of proceedings.

The Secretary argues that it is not necessary to adjust the statutory cap of $75 by a cost of living increase because Plaintiff made no showing that his figures accurately represent cost of living or attorneys' fees increases in Montana during the relevant period. The Secretary also contends that Plaintiff failed to show that he needed an attorney with special skills or knowledge in the area of Social Security disability to litigate this case.

Congress set $75 as the maximum attorney fee, rather than the minimum attorney fee, and directed courts to determine the correct amount of the fee in accordance with prevailing market rates. 28 U.S.C. § 2412(d)(2)(A). Although Plaintiff has established an increase in the CPI since 1981, and a corresponding increase in the national cost of living since that time, he has not shown that the cost of living in this area and the market rates for attorneys' fees have increased at a proportionate rate.

Plaintiff has demonstrated that his attorney's experience in representing Social Security claimants and his attorney's previous employment as a staff attorney at the Office of Hearings and Appeals has contributed to counsel's distinctive knowledge and specialized skill in the area of Social Security disability claims. *Pierce*, 487 U.S. at 572, 108 S.Ct. at 2553; *Baker v. Bowen*, 707 F.Supp. 481, 485 (D.Wyo.1989). Having reviewed the qualifications, experience, and reputation of counsel, and having considered the cost of living increases in the area, the court finds that, in this instance, an hourly fee of $100 is justified under EAJA.

■ Plaintiff seeks an award of attorneys' fees for 48.9 hours of work, which includes eleven hours spent preparing the motion for fees and supporting briefs. The Secretary objects to an award of fees for those eleven hours.

The Ninth Circuit Court has recognized, in cases involving other federal statutes

which provide for attorneys' fees awards, that counsel for the prevailing party can collect fees from the nonprevailing party "for services rendered solely to obtain the allowance of attorneys' fees." *Rosenfeld v. Southern Pacific Co.*, 519 F.2d 527, 530 (9th Cir.1975); *Manhart v. Los Angeles, Dep't of Water and Power*, 652 F.2d 904, 907 (9th Cir.1981) *vacated on other grounds* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983). Other circuits have addressed this issue as it relates to EAJA and held that attorneys are entitled to compensation for time spent addressing the fee issue. *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702, 707–08 (2d Cir.1987); *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir.1988). The court finds that Plaintiff is entitled to an award of EAJA fees for 48.9 hours of work.

Plaintiff also seeks compensation for his out of pocket expenditures on postage, photocopies, and phone calls connected to this action. The court finds that an award of these costs is appropriate pursuant to 28 U.S.C. § 2412(b). *International Woodworkers of America, Local 3–98 v. Donovan*, 769 F.2d 1388, 1392 (9th Cir.1985). Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion for EAJA fees and costs is GRANTED to the extent that Plaintiff is entitled to attorneys' fees in the amount of $4,890 and costs in the amount of $225.44. The Secretary shall pay fees and costs in accordance with this order.

### SSA FEES

■ Plaintiff's counsel argues that he is entitled to 25 percent of Plaintiff's past due benefits pursuant to 28 U.S.C. § 2412 and his contingent fee agreement. The Secretary argues that counsel's request for fees at a rate of more than $150 per hour, based on the 25 percent contingent fee agreement, is not a request for reasonable fees.

When determining the appropriate award of attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), the court "must determine the reasonableness of the fee requested by an attorney for services rendered to the claimant." *Starr v. Bowen*, 831 F.2d 872, 873 (9th Cir.1987). Although the court may consider the contingent fee contract when making this determination, the court "may not unquestionably approve the award of the 25 percent maximum fee, or any other amount claimed on the basis of a contingent fee contract." *Id.* (quoting *MacDonald v. Weinberger*, 512 F.2d 144, 147 (9th Cir.1975)).

The court must first determine the lodestar amount, which equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). A review of recent similar cases indicates that an appropriate market rate for the relevant community is $100.00 per hour. *See Starr v. Bowen*, No. 83–312–H–JFB slip op. (D.Mont. May 6, 1988) (court fixed reasonable hourly rate at $80); *Straw v. Bowen*, No. 84–023–BLG–JFB slip op. (D.Mont. July 19, 1989) (court fixed initial lodestar amount at $90.00 per hour).

■ Although the court can depart upward from the lodestar amount, it should do so only in exceptional cases. *Blum*, 465 U.S. at 901, 104 S.Ct. at 1550. The Ninth Circuit Court has identified a number of factors which may be considered in an upward adjustment, but only if the court has not already considered those factors in determining the lodestar amount. *Starr*, 831 F.2d at 874 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.1975)). Plaintiff's counsel asserts that the *Kerr* factors justify his requested hourly fee of $150. Plaintiff's counsel specifically identifies one of those factors, the fact that the fee was contingent, and asks the court to place great weight on the risk of contingency to depart upward from the lodestar figure. In effect, counsel is asking his winning client to "subsidize the claims of losing claimants." *Straw v. Bowen*, 866 F.2d 1167, 1171 (9th Cir.1989). The Ninth Circuit Court of Appeals has rejected such an

approach because "this subsidization is fundamentally unfair to the claimants who depend upon back benefit recoveries [and is] contrary to congressional intent to protect claimants by limiting fee awards." *Id.**

Plaintiff's counsel also argues that he has special skills which allow him to properly perform the requested legal service. The court finds that this was a fairly standard social security disability claim and that there was nothing exceptional about this case. Therefore, the lodestar amount adequately compensates Plaintiff's counsel for his services.

■ Plaintiff's counsel seeks compensation for 52.9 hours of work, which includes eleven hours spent preparing the motion for EAJA fees and supporting briefs and two hours spent preparing the motion for SSA fees and supporting brief. Unlike EAJA fees, which are paid by the government, SSA fees are paid by the claimant. *Wells v. Bowen,* 855 F.2d 37, 41 (2d Cir. 1988). Plaintiff's counsel has demonstrated no statutory or contractual basis which would allow him to collect attorneys' fees from his client for the time spent litigating his claims for fees. *See Coup v. Heckler,* 834 F.2d 313, 325 (3d Cir.1987) (SSA fee provision does not provide a basis for charging claimant for the time spent on the attorney's claim to fees).

■ Were it not for the fact that the court has granted Plaintiff's motion for EAJA fees, Plaintiff's counsel would be entitled to receive SSA fees for 39.9 hours at $100 per hour and to recover $3,990 from the monies withheld from Plaintiff's past due benefits. As previously discussed, however, Plaintiff's counsel is not entitled to receive double payment for the same work. Accordingly,

IT IS FURTHER ORDERED that Plaintiff's motion for SSA fees is DENIED.

IT IS FURTHER ORDERED that the Secretary shall release to Plaintiff all mo-

---

* Plaintiff's counsel is well aware of the Ninth Circuit Court's attitude toward contingent fee contracts in social security disability cases. In *Straw v. Bowen,* 866 F.2d 1167 (9th Cir.1989),

nies withheld from Plaintiff's past due benefits.

the Ninth Circuit Court decided four cases, all involving appeals of attorneys' fees awarded to Plaintiff's counsel, Lloyd Hartford.