**Gerald WARD, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 89–1186C(6).**

United States District Court, E.D. Missouri, E.D.

March 18, 1991.

Dennis Fox, St. Louis, Mo., for plaintiff.

Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on plaintiff's motion for entry of final judgment and for award of attorney's fees, and on the motion of plaintiff's attorney, Dennis Fox, for allowance of attorney's fees.

By order dated June 29, 1990, this Court reversed the Secretary's decision denying benefits and remanded this case to the Secretary for a calculation of benefits. Plaintiff and plaintiff's counsel then filed the present motions. By memorandum and order dated December 6, 1990, this Court stayed ruling on the motions, pending clarification from the parties as to the amount of hours claimed by plaintiff's attorney and the propriety of two attorney's fee awards covering the same time expended. The parties have filed supplemental memoranda in accordance with the Court's request, and the Court will now rule on the motions.

## ATTORNEY'S FEES—EAJA

Plaintiff moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). The EAJA provides for such an award where plaintiff is the prevailing party and where

the Court determines that the Secretary's position was not substantially justified. In the December 6, 1990 memorandum and order, this Court indicated that plaintiff was indeed the prevailing party and that the Court was inclined to find that the Secretary's position was not substantially justified, based on the record and the March 30, 1990 Report and Recommendation of the United States Magistrate which this Court sustained and adopted in the June 29, 1990 order. This Court still adheres to that position, and finds that an award of attorney's fees is appropriate here.

■ Plaintiff seeks to recover $1,575 in fees for 15.75 hours expended by plaintiff's attorney before this Court, at a rate of $100 per hour. The plaintiff has submitted an itemization of the hours expended by his attorney, which the Court finds satisfactory. Furthermore, the Court finds that the hourly rate charged by the attorney is reasonable. Therefore, the Court will grant plaintiff's motion for fees pursuant to the EAJA.

ATTORNEY'S FEES—42 U.S.C. § 406(b)

Plaintiff's attorney, Dennis Fox, seeks to recover an attorney's fee award of $7,937.17, which represents 25 percent of the past-due benefits withheld from the plaintiff by the Social Security Administration, pursuant to 42 U.S.C. § 406(b). A contingency fee agreement was entered into between Fox and the plaintiff in January 1989, and provides that Fox would be paid 25 percent of any retroactive benefits awarded to the plaintiff. In addition to a copy of that fee agreement, Fox also submits an itemization of his time spent on this case.

In this motion, Fox seeks to recover the fees as payment for his work in this entire action, in both the administrative and court proceedings. Defendant objects to an award of fees by this Court based on Fox's work in the administrative proceedings.

■ The Court agrees with the defendant. Courts have no statutory authority to award counsel fees for representation before the agency. *Guido v. Schweiker,*

775 F.2d 107, 108 (3d Cir.1985); *Fenix v. Finch,* 436 F.2d 831 (8th Cir.1971). Therefore, this Court may only award Fox fees for time spent in court proceedings.

■ Initially, this Court was uncertain as to the propriety of awarding plaintiff attorney's fees under the EAJA for time expended in court, and awarding attorney's fees to attorney Fox out of the plaintiff's award, for that same court time. However, both plaintiff and defendant have provided citations to this Court in support of that proposition. Congress provided authority for awarding fees for the same work under 42 U.S.C. § 406 and the EAJA in the 1985 EAJA amendments, so long as the smaller fee is refunded to the client:

[W]here a claimant's attorney receives fees for the same work under both 206(b) of the Act and section 2412(d) of title 28, United States Code, the claimant's attorney [must refund] to the claimant the amount of the smaller fee.

1985 U.S.Code Cong. & Admin.News (99 Stat) 183, 186. *See also Matter v. Bowen,* 675 F.Supp. 212, 218 (M.D.Pa.1987).

■ When determining the amount of an attorney's fees award authorized pursuant to § 406(b), this Court is not bound by the contingent fee agreement between the claimant and the attorney. *Brissette v. Heckler,* 784 F.2d 864, 866 (8th Cir.1986). Rather, in each case, the court must determine the reasonableness of the fee requested and assess the value of the attorney's services to the client. *Starr v. Bowen,* 831 F.2d 872, 873 (9th Cir.1987). Such an analysis should begin with a calculation based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This fee may be further adjusted by considering other factors, such as time and labor expended, novelty of the questions involved, skill requisite to perform the legal services, a customary fee, whether the fee is fixed or contingent, the amount involved and results obtained, the experience and reputation and ability of the attorney, and others. *Starr, supra,* 831 F.2d at 874.

■ This Court will consider all of the above in determining the appropriate fee. First, this Court gives considerable weight to the contingent fee agreement between plaintiff and Fox. The agreement is not atypical for social security cases and there is no evidence that it was entered into involuntarily or that it is unconscionable in any respect. Second, this Court notes that plaintiff's attorney has considerable experience in this field, and was successful in obtaining past-due benefits for the plaintiff, despite an earlier, contrary ruling by the appeals council. Third, plaintiff's attorney expended considerable time and effort in obtaining that successful result on behalf of plaintiff.

In determining a reasonable fee, the Court will first look to the amount requested by attorney Fox. Fox seeks to recover $7,937.17 for forty-six hours of work, which amount represents 25 percent of plaintiff's award, and which is consistent with the contingent fee agreement. However, this Court is unable to award the total amount requested, because, as noted earlier, some of that time was expended in the administrative phase of these proceedings. Therefore, this Court is limited to awarding fees based on the 15.75 hours expended in the court phase of these proceedings.

Before calculating the lodestar amount, the Court will break down the amount requested by Fox to determine the hourly rate requested. Therefore, by dividing the forty-six hours of work into the total fee amount requested, the Court arrives at an hourly rate of $172.55. This is substantially different from the $100 hourly rate requested by plaintiff in the EAJA award, and would total $2,717.62 when multiplied by the 15.75 hours expended before this Court.

For purposes of comparison, the Court will next calculate a lodestar amount, based on the formula cited in *Starr, supra*. The Court considers as reasonable both the $100 fee and the 15.75 hours expended. Therefore, the lodestar amount is $1,575, compared to the amount of $2,717.62 calculated from the contingent fee agreement.

■ The Court is inclined to award the higher amount, after considering the additional factors cited in *Starr, supra*, and noted earlier by this Court. In addition, the Court does not consider a fee of $172.55 per hour to be unconscionable within the context of a social security action. In *Hayes v. Secretary of Health and Human Services*, 916 F.2d 351, 355 (6th Cir. 1990), the court recently held that a 25 percent contingent fee which calculated to amount to $181.22 per hour was not an unreasonable windfall for the attorney. The court stated:

> [A] windfall can never occur when, in a case where a contingent-fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is *less than twice the standard rate for such work in the relevant market.* (Emphasis added)

Therefore, within the context of that court's ruling, the attorney's fees rate of $181.22 per hour as calculated by this Court is less than twice the "reasonable" hourly rate of $100. The Court will therefore award that amount to attorney Fox for the hours expended before this Court, and the Court further instructs Fox that any additional amounts representing hours expended in the administrative portion of this case must be requested from the agency.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for attorney's fees from defendant pursuant to the Equal Access to Justice Act is granted.

IT IS FURTHER ORDERED that the motion of plaintiff's attorney, Dennis W. Fox, for allowance of attorney's fees pursuant to 42 U.S.C. § 406(b) is granted in part, to the extent of the 15.75 hours expended before this Court, and denied in all other respects. Attorney Fox shall receive $2,717.62 as payment from the amount of past-due benefits withheld from the plaintiff by the Social Security Administration.

IT IS FURTHER ORDERED that the plaintiff's motion for entry of final judgment is granted, and an appropriate judgment shall accompany this memorandum and order.

## JUDGMENT

In accordance with the memorandum and order filed this date and incorporated herein, and the Order of this Court dated June 29, 1990,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff Ward shall have judgment as against defendant Sullivan in the amount of benefits calculated by the defendant pursuant to the June 29, 1990 Order, plus the amount of $1,575 in attorney's fees pursuant to the Equal Access to Justice Act.

IT IS FURTHER ORDERED that each party shall bear its own costs.