**Ruth A. DAWES, Plaintiff,**

**v.**

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. CIV 87–1843 PHX RCB.**

United States District Court, D. Arizona.

April 18, 1991.

Joel F. Friedman, Jerome, Gibson, Stewart, Friedman & Stevenson, P.C., Phoenix, Ariz., for plaintiff.

Linda A. Akers, U.S. Atty., District of Arizona, Michael Arkfeld, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

## ORDER

BROOMFIELD, District Judge.

Petitioners as plaintiff's attorneys have filed a petition for approval of attorneys' fees, pursuant to 42 U.S.C. § 406(b) (Social Security Act). This court heard oral arguments on April 8, 1991. After considering both parties' written and oral arguments, this court now rules.

### I. FACTS.

Plaintiff retained petitioners, Jerome, Gibson, Stewart, Friedman, & Stevenson, P.C., in August 1986 to represent her in all matters relating to her Social Security Disability claim. Plaintiff received an unfavorable Administrative Law Judge decision from the Social Security Administration on May 7, 1987, denying her a period of disability and Disability Insurance Benefits. The Appeals Council refused plaintiff's request for a review on September 16, 1987. Plaintiff appealed her claim to this court and on November 1, 1988, the case was remanded to the Secretary of the Department of Health and Human Services for reconsideration. On July 31, 1989, an Administrative Law Judge issued a favorable recommended decision at the proceedings held pursuant to the remand order. The Appeals Council adopted the recommended decision on September 18, 1989, approving a period of disability and Disability Insurance Benefits for plaintiff.

Plaintiff and petitioners have a written employment agreement stating that petitioners receive a contingency fee of twenty-five percent of all past-due Social Security benefits payable to plaintiff. Plaintiff's back due disability benefits totalled approximately $63,070.00. The Social Security Administration withheld $15,767.50, twenty-five percent, from the plaintiff's past-due benefits for payment of petitioners' fees. The Social Security Administration authorized $8,000.00 to be paid out of the $15,767.50 for petitioners' representation of plaintiff before the Social Security Administration. Petitioners initially sought this court to approve the remaining $7,767,50 for services rendered before this court, but have amended their petition to request $5,675.00.

### II. ANALYSIS.

1. Applicable standard.

■ This court is required to determine whether the fee requested by petitioners is reasonable. *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir.1975). The analysis of a reasonable fee in a Social Security case begins with the calculation of the lodestar amount—the product of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Starr v. Bowen*, 831 F.2d 872, 874 (1987).

■ Once the lodestar amount has been calculated, the court may adjust the amount by considering the twelve factors identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975) *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). *Straw v. Bowen*, 866 F.2d 1167, 1169 (9th Cir.1989). The twelve factors are:

1) the time and labor required, 2) the novelty and difficulty of the questions involved, 3) the skill requisite to perform the legal service properly, 4) the preclusion of other employment by the attorney due to acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the client or the circumstances, 8) the amount involved and the results obtained, 9) the experience, reputation, and ability of the attorneys, 10) the "undesirability" of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases.

*Starr*, 831 F.2d at 874.

Defendant argues that several *Kerr* factors have been expressly supplanted to the lodestar calculation. *Miller v. Los Angeles County Board of Education*, 827 F.2d 617, 620–21 n. 4 (9th Cir.1987); *Pierce v. Underwood*, 487 U.S. 552, 573, 108 S.Ct.

2541, 2554, 101 L.Ed.2d 490 (1988). Although petitioners do not dispute this, this court finds that all twelve *Kerr* factors may still be examined. Neither *Miller* or *Pierce* were decided under 42 U.S.C. § 406(b). However, in 1989 the Ninth Circuit discussed the applicable standard for approval of attorney fees under 42 U.S.C. § 406(b). *Straw v. Bowen*, 866 F.2d 1167 (9th Cir.1989). The Ninth Circuit specifically held that the lodestar amount could be adjusted by considering the twelve *Kerr* factors. *Id.* at 1169. Thus, all twelve factors can be considered.

2. Calculation of lodestar amount.

Defendant concedes that the 22.7 hours claimed by petitioners in this case are reasonable. Defendant indicates that $150.00 is a reasonable hourly rate. Although petitioners note that there is no basis for determining the prevailing rate because all Social Security claims in Phoenix are taken on a contingent agreement, petitioners agree that $150.00 per hour is reasonable. Thus, the lodestar amount, as agreed upon by both parties, is $3,405.

3. Adjustment for *Kerr* factors.

The following is the parties' analysis under each of the *Kerr* factors identified as applicable in this case.

A. The time and labor required. Defendant argues that this calculation would be logically subsumed under the "hours reasonably required" component of the lodestar calculation. Petitioners argue that this matter involved a lengthy delay from plaintiff's retention of petitioners to the favorable outcome.

B. The preclusion of other employment by the attorney due to the acceptance of the case. Defendant argues that this factor is subsumed into the "hours reasonably required" component of the lodestar calculation. Petitioners argue that although he continued an active law practice, this case required a persistence that defendants ignore.

C. The amount involved and the results obtained. Defendant argues that attorney's fees should be carefully reviewed when, as here, any fee awarded must be paid from what is "an already-inadequate stipend for the support and maintenance of the claimant and his dependents." *MacDonald v. Weinberger*, 512 F.2d 144, 146–47 (9th Cir.1975). Petitioners argue that plaintiff and her dependent daughter ultimately received at least $45,000.00 after the withholding of funds for attorneys' fees. Petitioners state that plaintiff will continue to receive Social Security benefits for herself and her daughter at a rate of approximately $1,200.00 per month, and will have additional income from a long-term disability benefits policy under which she has been receiving about $1,400.00 per month since she stopped working. Petitioners contend that plaintiff will receive nothing from any refund of money withheld for payment of fees because she will have to reimburse the long-term disability benefits carrier for any overpayment caused by a set-off. Petitioners note that plaintiff has no other financial obligation to be satisfied for the Social Security benefits she will receive because she has filed a petition for Chapter 13 bankruptcy.

■ D. Whether the fee is fixed or contingent. The risk of nonpayment is a factor to be considered in adjusting the lodestar figure, but without evidence of unusual risk it does not justify the tripling of the standard hourly rate. *Straw*, 866 F.2d at 1170. Defendant claims that if this court awarded petitioner his initial requested amount, it would produce an hourly rate of $342.00, more than double the lodestar amount.

Further, defendant argues that no enhancement for a contingency agreement is appropriate unless petitioner can establish by evidence in the record that without an adjustment for the risk of not recovering a fee, plaintiff "would have faced substantial difficulties in finding counsel in the local or other relevant market." *Pennsylvania v. Delaware Valley Citizens' Council For Clean Air*, 483 U.S. 711, 731, 107 S.Ct. 3078, 3089, 97 L.E.2d 585, 601 (1987) (plurality opinion) (attorney's fees awarded pursuant to § 304(d) of the Clean Air Act, ʻ42 U.S.C. § 7604(d)). Defendant maintains

**1331**

that no enhancement for contingency should be allowed on the basis of legal risks, or risks peculiar to the case, because these risks are adequately compensated by the lodestar amount. *See id.* at 725, 107 S.Ct. at 3086–87.

Defendant argues that petitioners have offered no evidence that the case was unusually risky or that plaintiff would have faced substantial difficulties finding counsel at the lodestar rate of $150.00 per hour. Therefore, defendant maintains there should be no enhancement of the lodestar for the contingency agreement.

Petitioners argue that plaintiff could not have obtained counsel at any hourly rate because the custom in Phoenix is for representation of Social Security claimants to be strictly on a contingent fee basis. Petitioners state plaintiff voluntarily accepted an arrangement which placed the risk of uncompensated services on the lawyer. Petitioners argue that while a contingent fee contract does not bind the court in the determination of a fee award, the court is instructed to afford deference to the contract and with the other appropriate factors to determine the reasonableness of any fee charged. *Goff v. Sullivan,* 739 F.Supp 494, 498 (D.S.D. 1990).

Petitioners argue that the doubling of the lodestar amount is a more accurate assessment of Social Security claims taken on a contingency agreement. Petitioners cite *Goff* for this proposition. Under facts similar to the instant case, the *Goff* court doubled the $100 lodestar amount. *Id.* at 499. However, contrary to petitioners' assertions, that court considered all appropriate factors not just the contingency arrangement. *Id.* The *Goff* court did consider, as petitioners contend, that petitioner had performed his responsibility in a minimum amount of hours. *Id.*

4. Fee to be awarded.

■ Petitioners request payment of $5,675.00, calculated at a $150.00 per hour lodestar rate plus a $100 per hour enhancement. Based upon the quality of the results obtained by petitioners' efforts and the contingency fee agreement, this court

finds a $100 per hour enhancement to the $150 per hour lodestar rate to be reasonable.

IT IS ORDERED granting petitioners' application for $5,675.00 as a reasonable fee pursuant to 42 U.S.C. § 406(b).