967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Garold Arnold LAWTON, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, HHS, Defendant-Appellee.
 No. 91-15732.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1992.*
Decided June 2, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Garold Lawton, appeals the district court's denial of attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d)(1)(A), as well as the district court's grant of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). We have jurisdiction under 28 U.S.C. § 1291. For the reasons explained below, we affirm the denial of EAJA fees and reverse and remand the grant of attorney's fees under the Social Security Act.
 
 BACKGROUND
 
 3
 Lawton applied for disability insurance benefits under the Social Security Act. The administrative law judge ("ALJ") initially denied the benefits. On appeal the district court granted Lawton's motion for remand, finding that Lawton had produced new evidence, MRI results, that might have altered the ALJ's decision. On remand, the ALJ granted Lawton benefits. Lawton then moved for attorney's fees under the EAJA, 28 U.S.C. § 2412(d), and moved for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). The district court denied the EAJA motion, but granted fees under the Social Security Act for $3,760. Lawton appealed that decision to this court. The case was remanded to the district court for findings regarding its decision on the EAJA issue. The district court then issued findings on the EAJA motion. However, the district court never issued findings on the Social Security fees issue.
 
 DISCUSSION
 
 4
 I. Attorney's Fees Under the Equal Access to Justice Act
 
 
 5
 We review a district court's decision to deny attorney's fees under the EAJA for an abuse of discretion. Pirus v. Bowen, 869 F.2d 536, 539-40 (9th Cir.1989). The district court abuses its discretion if its decision is based on an erroneous conclusion of law or when the record contains no evidence on which the court rationally could have based its decision. Williams v. Bowen, 934 F.2d 221, 222 (9th Cir.1991).
 
 
 6
 Under the EAJA, a court may award fees to the prevailing party if the Government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). A decision is substantially justified if it is supported by a reasonable basis in law and fact. Albrecht v. Heckler, 765 F.2d 914, 915 (9th Cir.1985).
 
 
 7
 The district court did not abuse its discretion by finding that the Government's position was substantially justified. As the district court noted, the ALJ's initial opinion was supported by the evidence of two physicians, including Lawton's treating physician. The subsequent MRI has no bearing on these facts. Thus, regardless of whether the ALJ considered the MRI on remand, there is a reasonable basis for finding that the Secretary's initial position was substantially justified.
 
 
 8
 II. Attorney's Fees Under the Social Security Act
 
 
 9
 We review a district court's decision regarding attorney's fees under the Social Security Act for an abuse of discretion. Starr v. Bowen, 831 F.2d 872, 873 (9th Cir.1987).
 
 
 10
 In Starr v. Bowen, we set forth the method for establishing the proper attorney's fee under the Social Security Act as follows:
 
 
 11
 The district court's analysis should initially begin with the Supreme Court's directive that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); see also Greater Los Angeles Coun[cil] on Deafness v. Community Television, 813 F.2d 217, 221 (9th Cir.1987). After calculating this lodestar amount, the district court may adjust the fee by considering the factors identified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1762, 48 L.Ed.2d 195 (1976):
 
 
 12
 (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.
 
 
 13
 Id. at 70; see also Hensley, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9 (noting that the district court may also consider the twelve factors in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974), which were expressly adopted by this court in Kerr).
 
 
 14
 Id. at 874 (footnote omitted).
 
 
 15
 In Starr, the record did not show that the district court had evaluated the fee award by considering the appropriate factors. We therefore vacated the district court's fee award and remanded the case for a detailed inquiry into the reasonableness of the fee award in light of the Hensley and Kerr factors. Id. at 874; see also Straw v. Bowen, 866 F.2d 1167, 1170-71 (9th Cir.1989) (remanding to district court for consideration of factors outlined in Kerr ).
 
 
 16
 The district court in this case did not provide any reasons for its decision to award attorney's fees "in the amount of $3,760, reflecting an award of thirty-five hours of time spent at the approximate rate of $107 per hour." For example, we do not know if the court considered the fact that this was a contingent fee case. It appears that the court simply adopted the fee urged by the Government in its opposition to attorney's fees under the EAJA. We therefore vacate the Social Security fee award, and remand to the district court for a decision and findings consistent with Starr.
 
 
 17
 AFFIRMED IN PART and REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3