**Madeline CALDWELL for Y.B.K.,
a Minor, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner
of Social Security, Defendant.**

C.A. No. 3:06–0943–PMD–JRM.

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 10, 2007.

John F. Hardaway, Columbia, SC, for Plaintiff.

Marvin Jennings Caughman, U.S. Attorneys Office, Columbia, SC, for Defendant.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Plaintiff's counsel's motion for an award of attorney fees of $8,640.00, to be paid directly and solely to counsel, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant does not object to an award of attorney's fees under EAJA or to an hourly rate of $150.00 per hour. Rather, Defendant asserts the court should award Plaintiff's counsel $6,000.00 "because the number of hours is excessive." (Resp. in Opp'n at 1.)

### BACKGROUND

This case centered on Plaintiff Madeline Caldwell's ("Plaintiff") application for sur-

viving child benefits on behalf of her minor daughter, Y.K.B. Plaintiff alleged that deceased wage earner Yumiah Kirby was Y.K.B.'s father and that Y.K.B. was entitled to surviving child benefits upon Mr. Kirby's death. The Administrative Law Judge ("ALJ") denied Plaintiff's application, rejecting Plaintiff's testimony that Mr. Kirby was Y.K.B.'s father. Plaintiff filed suit in this court on March 23, 2006, seeking a review of the Commissioner's decision to deny benefits. Plaintiff's opening brief, submitted on October 26, 2006, was twenty-two pages in length. On December 5, 2006, the Commissioner sought to have the court remand the case for further administrative proceedings. The Commissioner stated, "[R]emand for further proceedings is necessary in this case. In the decision, the ALJ rejected Plaintiff's uncontroverted testimony that the wage earner was Y.B.K.'s father, but his reasons for doing so were vague and appeared to contradict current case law regarding sufficient evidence in posthumously-born child cases. The ALJ also did not adequately evaluate Y.K.B.'s status as the wage earner's child under sections 216(h)(2)(A), (h)(2)(B), and (h)(3)(C)(i and ii) of the Social Security Act." (Mot. to Remand at 2.) Plaintiff, however, filed a eight-page Response in Opposition to the Motion to Remand, arguing that further evidentiary findings would serve no purpose. (Resp. in Opp'n to Mot. to Remand at 1.) Plaintiff sought to have the court reverse the Commissioner's decision and enter an award of benefits.

On July 25, 2007, Magistrate Judge McCrorey entered a Report and Recommendation ("R & R") recommending that the Commissioner's decision to deny benefits be reversed and remanded to the Commissioner for an award of benefits. (R & R at 13.) On July 27, 2007, the Commissioner filed a notice that it would not file objections to the R & R. Accordingly, on August 6, 2007, this court entered an Order adopting the R & R. On September 6, 2007, Plaintiff filed for attorney's fees pursuant to EAJA.

## STANDARD OF REVIEW

■ A party who prevails in litigation against the United States is entitled to EAJA attorney fees, as well as the costs and expenses of litigation, upon timely petition for them if the government's position was not "substantially justified" and no special circumstances make an award unjust. *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir.1991). However, attorney's fees and expenses under EAJA must be reasonable. *See Kyser v. Apfel*, 81 F.Supp.2d 645, 646 (W.D.Va.2000); *see also* 28 U.S.C. §§ 2412(b), (d)(2)(A). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary...." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (considering an award under 42 U.S.C. § 1988). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); *see also May v. Sullivan*, 936 F.2d 176 (4th Cir.1991).

## ANALYSIS

Plaintiff's counsel seeks an award of attorney's fees in the amount of $8640.00, arising from counsel's expenditure of 57.6 hours of time in this case at a rate of $150.00 an hour. Defendant's only objection to the Plaintiff's fee request is that it is excessive. Defendant states, "While the Fourth Circuit has not specifically ruled on the issue, it has been held elsewhere that the typical number of hours spent in Social Security cases is between 20 and 40 hours." (Resp. at 2.) Defendant cites *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418, 420 (6th Cir.1990), for the proposition that "the average num-

ber of hours for an attorney to work on a social security case ranges from 30 to 40 hours ..." However, this statement was one made by the district court, and nothing in the opinion indicates the Sixth Circuit agreed with such statement. In fact, on appeal was the district court's denial of the attorney's full twenty-five percent contingency fee; the district court found the fee represented a windfall. *Hayes,* 923 F.2d at 419. The Sixth Circuit reversed the decision, finding the district court abused its discretion in reducing the fee "in that way that it did." *Id.*

In *Bunn v. Bowen,* 637 F.Supp. 464 (E.D.N.C.1986), the United States District Court for the Eastern District of North Carolina addressed a similar argument to the argument the Commissioner makes in the case *sub judice.* In *Bunn,* the plaintiff moved for EAJA attorney's fees and expenses, and while the defendant did not contest the plaintiff's entitlement to an award, he "strenuously disput[ed] counsel's claim of hours reasonably expended." *Bunn,* 637 F.Supp. at 467. The court stated,

> In ascertaining which hours reported were reasonably expended, and thus billable, the court must examine the total number of hours reported by each lawyer, the hours allotted to specific tasks, whether those tasks would normally be billed to a paying client, and the potential duplication of services, particularly where multiple lawyers are involved. These determinations must be made in the context of the specific case at bar; what is reasonable in one case may be unreasonable in another. The reasonableness of the hours expended in a particular case depends upon the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the tactics of the opponent.
>
> Finally, the court must weigh the hours claimed against its own knowl-

edge, experience, and expertise of the time required to complete similar activities. In sum, the court must carefully scrutinize the total number of hours reported by the fee applicant to arrive at the number of hours that can fairly and reasonably be charged to the losing party.

*Id.* at 469–70 (internal quotation marks and citations omitted). The court noted that attorney Bailey's affidavit indicated she spent sixteen hours reviewing the administrative record, organizing the file, and conducting basic legal research. *Id.* at 470. She then spent sixteen hours drafting the plaintiff's fifteen-page brief in support of her motion for summary judgment and another sixteen hours "reviewing and rewriting the initial draft." *Id.* A different attorney also spent time on the brief, spending three hours reviewing and revising that same brief. *Id.* The court found the expenditure of fifty-one hours on writing a brief was not reasonably necessary. *Id.* The court stated,

> If the issues addressed in plaintiff's brief were complex, of some considerable length, or the law was in flux, such an expenditure of time might well be justified. However, this is not the case. The issues were clear, the administrative record was markedly deficient, and the result nearly pre-ordained by precedent.... Over the course of the last few years, the court has had occasion to view applications for attorneys' fees in social security cases too numerous to count, and never has any counsel requested 51 hours of compensable time for such an equivalent task.

*Id.* The court then elected to "utilize an approximately fifty percent (50%) across-the-board reduction with respect to counsel's hours requested." *Id.* at 471.

In the case *sub judice,* plaintiff's counsel seeks compensation for spending 57.6

hours working on this case. It appears that of that time, counsel spent approximately 12.3 hours performing preliminary legal research and reviewing the case law; 26.8 hours drafting and editing the brief; and 10.45 hours performing research and drafting Plaintiff's Response in Opposition to the Commissioner's Motion to Remand. The court finds that the 10.45 hours Plaintiff's counsel spent in researching and preparing the Response in Opposition to the Motion to Remand is reasonable. Counsel spent 4.05 hours performing legal research and 6.4 hours drafting the memorandum with respect to the Response in Opposition. The court finds such an expenditure of time reasonable: by opposing the Motion to Remand, Plaintiff's counsel sought to avoid further proceedings that, in his opinion, "would serve no purpose and would cause further delay." (Resp. in Opp'n to Mot. to Remand at 1.) This strategy was certainly reasonable and ultimately productive. Accordingly, the court finds the 10.45 hours spent in opposing the Commissioner's Motion to Remand was reasonable.

▮ It appears, however, that Plaintiff's counsel spent approximately 12.3 hours performing preliminary legal research with respect to the Plaintiff's brief and approximately 26.8 hours drafting the brief, for a total of 39.1 hours preparing Plaintiff's brief. In *Spruil v. Bowen,* 691 F.Supp. 302, 306–07 (M.D.Fla.1988), the court allowed 25 hours for research and writing in a social security case. Many other courts have approved fewer hours with respect to the entire case. *See, e.g., Penrod v. Apfel,* 54 F.Supp.2d 961, 964 (D.Ariz.1999) (holding that 28.8 hours was a reasonable expenditure of time in a social security disability case); *Afanador v. Sullivan,* 809 F.Supp. 61, 66 (N.D.Cal. 1992) (granting EAJA motion for 22.3 hours of work performed by the plaintiff's attorney and 9.5 hours of work performed by the attorney's law clerk); *cf. Terry v.*

*Bowen,* 711 F.Supp. 526, 527 (D.Ariz.1989) (granting fees under EAJA for 40 hours, noting this amount of time "falls right in line with one court's determination of an average"). The court determines the 12.3 hours that Plaintiff's counsel spent performing legal research was reasonable. *Cf. Knudsen v. Barnhart,* 360 F.Supp.2d 963, 976 (N.D.Iowa 2004) (stating that the court could not conclude spending 9.75 hours on research was unreasonable). Indeed, the Commissioner acknowledged that the case *sub judice* "was somewhat unusual in the sense that it revolved around surviving child benefits rather than disability benefits." (Resp. in Opp'n at 3.) However, the court finds the 26.8 hours counsel spent in drafting and editing the brief to be excessive. Accordingly, the court reduces the number of hours Plaintiff's counsel is entitled to recover with respect to drafting and editing the brief to 20 hours. As Plaintiff's counsel is entitled to recover for spending 50.8 hours on this case at a rate of $150 per hour, the court finds Plaintiff's counsel is entitled to a fee award of $7620.00.

### *CONCLUSION*

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiff's Motion for Attorney's Fees is hereby **GRANTED** in the amount of $7620.00.

**AND IT IS SO ORDERED.**