Plas M. ALLEN, Plaintiff–Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services,* Defendant–Appellee.

No. 93–35124.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 1994 **.

Decided Feb. 24, 1995.

---

\* Donna E. Shalala is substituted for her predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. F.R.App.P. 43(c)(1).

** The panel unanimously finds this case suitable for disposition without oral argument. Fed.

R.App.P. 34(a); 9th Cir.R. 34–4(c), and grants appellee's unopposed motion to submit this case on the briefs.

Ralph Wilborn, Eugene, OR, for plaintiff-appellant.

Ernest J. Ishem, Assistant Regional Counsel, Seattle, WA, for defendant-appellee.

Before: THOMPSON and LEAVY, Circuit Judges, and A. WALLACE TASHIMA, District Judge.***

Opinion by Judge TASHIMA; Dissent by Judge LEAVY.

A. WALLACE TASHIMA, District Judge:

This is an appeal from the district court's decision awarding to the attorney for appellant Plas M. Allen (Allen or appellant) attorney's fees far lower than the fees provided under the 25 percent contingent fee agreement between appellant and his attorney. Appellant argues that the district court erred by computing the fee under the lodestar method, with no weight given to the contingent fee agreement. We have jurisdiction to review the district court's decision pursuant to 28 U.S.C. § 1291.

*** Hon. A. Wallace Tashima, United States District Judge, Central District of California, sitting by designation.

## BACKGROUND

Allen applied for Social Security disability benefits in 1985. His initial application was denied. He subsequently refiled and, following numerous hearings and reviews, including an appeal to the district court, the Appeals Council found Allen to be disabled.

Appellant then moved in the district court for a fee award, pursuant to 42 U.S.C. § 406(b)(1), which provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1). The district court awarded fees at an hourly lodestar rate of $150, giving no weight to the contingent fee agreement between Allen and his attorney.[1] This appeal followed.

## STANDARD OF REVIEW

We review the amount of attorney's fees awarded by the district court for an abuse of discretion. *Drucker v. O'Brien's Moving and Storage,* 963 F.2d 1171, 1173 (9th Cir.1992). An abuse of discretion occurs if the district court does not apply the correct law or rests its decision on a clearly erroneous finding of fact. *United States v. Plainbull,* 957 F.2d 724, 725 (9th Cir.1992), citing *Hunt v. National Broadcasting Co.,* 872 F.2d 289, 292 (9th Cir.1989). Interpretation of a statute is a question of law subject to de novo review. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## DISCUSSION

Appellant challenges the district court's decision on two bases. First, he contends

1. The court awarded fees of $4,117.50 (for 27.45 hours of services). 25 percent of the benefits awarded to appellant would be $8,632.45.

that our decision in *Starr v. Bowen*, 831 F.2d 872 (9th Cir.1987), upon which the district court relied, is no longer binding in light of the Supreme Court's intervening decision in *Venegas v. Mitchell*, 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1992). Second, he argues that even if *Starr* is still binding precedent, the district court erred in refusing to apply a multiplier to the lodestar figure, in light of the contingent fee contract between him and his attorney. We examine these issues *seriatim.*

### A. *Use of the Lodestar Method*

The circuits have split on the proper method of calculating attorney's fees under § 406(b)(1). The Second, Sixth, and Seventh Circuits have adopted the "contingency" method, under which the court uses the contingent fee contract as the basis for the award, treating it, in effect, as presumptively reasonable. *Wells v. Sullivan*, 907 F.2d 367 (2d Cir.1990); *Rodriguez v. Bowen*, 865 F.2d 739 (6th Cir.1989) (*en banc* ); *McGuire v. Sullivan*, 873 F.2d 974, 980–83 (7th Cir.1989).

 This Circuit, along with the Fourth, Fifth, and Eighth Circuits, has rejected the contingency method in favor of the "lodestar" method of calculating fees. *Craig v. Department of Health and Human Serv.*, 864 F.2d 324 (4th Cir.1989); *Brown v. Sullivan*, 917 F.2d 189 (5th Cir.1990); *Cotter v. Bowen*, 879 F.2d 359 (8th Cir.1989).[2] Under the lodestar approach, the court first determines a reasonable hourly rate. Then it multiplies that rate by the number of hours reasonably expended on the litigation to arrive at a presumptively reasonable fee. This lodestar amount may then be adjusted by considering

the twelve factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976),[3] one of which is the fact that the attorney accepted employment on a contingency basis.

We first applied the lodestar method in a § 406(b)(1) case in *Starr*. In that case, we vacated a fee award where the district court gave "great weight" to a 25% contingent fee agreement between the plaintiff and his attorney. We rejected arguments that the district court should treat a contingent fee arrangement as presumptively fair and reasonable, noting that "[t]he district court does not sit to approve routinely a contingent fee contract between social security claimants and their counsel." 831 F.2d at 874. Instead, we instructed the district court to begin its inquiry "with the Supreme Court's directive that '[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" 831 F.2d at 874, *citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1988). This lodestar amount may then be adjusted by considering the *Kerr* factors.

We reaffirmed the *Starr* approach two years later in *Straw v. Bowen*, 866 F.2d 1167 (9th Cir.1989). Central to our analysis in both *Starr* and *Straw* was a recognition that in the peculiar context of Social Security claims, "while the attorney's compensation must be sufficient to encourage members of the bar to undertake representation of disability claimants, the disability award, from which the attorney's fee is paid, is normally

---

**2.** Section 406(b)(1) cases are not the only ones in which this Circuit applies the lodestar method of calculating reasonable fees. For example, we follow the lodestar approach in awarding attorney's fees under federal fee-shifting statutes. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992) (fees under 42 U.S.C. § 1988). It is also one of the permissible methods of determining reasonable attorneys' fees in common fund cases. *Compare In re Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 (9th Cir.1994) (approving use of lodestar method) (WPPSS), *with Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir.1989) (approving use of percentage of fund method).

**3.** Those factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Kerr*, 526 F.2d at 70.

an already-inadequate stipend for the support and maintenance of the claimant and his dependents." *Starr,* 831 F.2d at 873, *quoting MacDonald v. Weinberger,* 512 F.2d 144, 146 (9th Cir.1975); *Straw,* 866 F.2d at 1169.[4]

■ Nevertheless, appellant argues that in light of the Supreme Court's decision in *Venegas* we must now abandon the lodestar approach and adopt the contingency approach in § 406(b)(1) cases. We disagree.

In *Venegas,* the plaintiff in a civil rights action obtained a favorable judgment at trial. The trial court, using the lodestar method, calculated reasonable attorney's fees and awarded that sum to the plaintiff, pursuant to 42 U.S.C. § 1988, a fee-shifting statute. The plaintiff's attorney then attempted to collect fees in excess of the statutory award, pursuant to a contingency contract with the plaintiff. The trial court ruled that § 1988 did not prohibit the attorney from collecting fees in excess of the statutory award, and the Supreme Court upheld that decision.

There are several reasons why *Venegas* does not affect our adoption of the lodestar method in *Starr* and *Straw.*

First, *Venegas* did not explicitly deal with the proper method of calculating reasonable fees, and it nowhere disapproved of the lodestar method used by the district court in arriving at a reasonable attorney's fee award. What the Court held was that once reasonable attorney's fees have been calculated— using the lodestar approach—a successful plaintiff may nevertheless be obligated to pay his or her attorney more under the terms of a separately negotiated contingent fee contract. 495 U.S. at 90, 110 S.Ct. at 1684. *Venegas* does not suggest that the lodestar method was an inappropriate means of determining reasonable fees under § 1988 or any other statute; it provides no basis for departing from the lodestar approach established in this Circuit.

Second, *Venegas* deals with a fee-shifting statute, § 1988, which differs both in language and in purpose from § 406(b)(1). As a fee-shifting statute, § 1988 does not attempt to regulate what prevailing parties must pay their attorneys. As the Court noted in *Venegas,* "§ 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer." *Id.* Section 406(b)(1), on the other hand, speaks directly to what a plaintiff must pay his or her own lawyer.

In spite of the inapplicability of *Venegas* to § 406(b)(1) analysis, appellant argues that because the Second Circuit relied on *Venegas* in rejecting the lodestar method, we should do the same. In *Wells,* the Second Circuit considered for the first time the proper method of calculating reasonable attorney's fees under § 406(b)(1). Relying on opinions from the Sixth and Seventh Circuits, *Wells* adopted the contingency rather than the lodestar method. 907 F.2d at 370–71. In addition, *Wells* cited *Venegas* as authority for its rejection of the lodestar method. *Id.* at 369–70. Because we do not write on a clean slate, whether we agree with the analysis of *Venegas* contained in *Wells* is a moot point.

*Venegas* does not hold, or even suggest, that a district court should look first to a contingent fee contract when determining a reasonable attorney's fee. Rather, the Court implicitly reaffirmed the principle that a court must use the lodestar method when computing reasonable attorney's fee awards under § 1988. 495 U.S. at 87, 110 S.Ct. at 1682–83. In sum, nothing in *Venegas* suggests that our interpretation of § 406(b)(1) in *Straw* and *Starr* was incorrect.

Consequently, we are not free to reject the lodestar method and follow *Wells.* *Starr* and *Straw* continue to be binding precedent. Thus, we hold that the trial court did not err in calculating reasonable attorney's fees based on the lodestar method.

---

**4.** In addition to these concerns, other courts adopting the lodestar approach have expressed concern that some social security claimants have mental impairments that interfere with their ability intelligently to negotiate contingent fee contracts with their attorneys, that claimants may enter into contingency contracts unwisely out of desperation and that attorneys working for a percentage of past-due benefits might have a perverse incentive to prolong the claims process. *See, e.g., Krig v. Sullivan,* 143 F.R.D. 270, 275 (N.D.Fla.1992); *Frazier v. Sullivan,* 768 F.Supp. 1511, 1516–17 (M.D.Ala.1991).

B. *Consideration of Contingent Agreement*

█ Appellant argues that even if the district court were correct in applying the lodestar method, it should have increased the lodestar amount to take account of the contingent fee contract. Appellant bases his request for a risk multiplier on his claim that Social Security attorneys are successful in less than one third of the cases filed in federal court.

In *Starr*, we held that while a contingency contract is not to be the starting point, contingency is one factor that may be considered in determining a reasonable fee. Nevertheless, we have cautioned that courts cannot use the contingency factor to subsidize the claims of losing plaintiffs, as appellant here requests. As the district court noted, quoting from *Straw*, "this subsidization is fundamentally unfair to the claimants who depend upon back benefit recoveries, [and is] contrary to congressional intent to protect claimants by limiting fee awards." 866 F.2d at 1171. The court may consider contingency, but only as one of many competing factors in arriving at a reasonable fee.

Up to this point, we agree with the district court's reasoning. However, we must, nonetheless, remand this case because the district court apparently based its decision on a belief that it is impermissible to afford *any* consideration at all to contingency. The district court, relying on *City of Burlington v. Dague*, — U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), and *Davis v. City and County of San Francisco*, 976 F.2d 1536 (9th Cir.1992), held that, "While section 406(b) here is not a fee-shifting statute, the reasoning regarding contingency enhancement under the lodestar analysis applies."

In *Dague*, the Supreme Court held that a court determining an award of reasonable attorney's fees under various fee-shifting statutes cannot enhance the fee award above the lodestar amount to reflect that the attorney was retained on a contingent fee basis. In *Davis*, we applied *Dague* and held:

> *Dague* represents an outright rejection of contingency as a factor relevant to the establishment of a reasonable fee; it would seem to be immaterial whether the consideration of contingency occurs in deciding to apply a multiplier to the lodestar fee or in initially calculating the lodestar.

*Davis*, 976 F.2d at 1549.

However, *Dague* and *Davis* are inapplicable to the instant case. *Dague* and *Davis*, like *Venegas*, dealt with fee-shifting statutes. As we have noted, § 406(b)(1) is not a fee-shifting statute. It strikes a balance between encouraging lawyers to represent disability claimants, and protecting the already inadequate stipend most claimants receive. There is nothing inconsistent with the scheme of § 406(b)(1) in allowing the court to consider the existence of a contingent fee agreement, as long as it balances that factor with the others we have identified. Nothing in *Dague* or *Davis* alters the scheme we adopted in *Starr* and *Straw*.

With respect to the consideration of contingency as a potential enhancement factor, this case is more like *WPPSS*, than *Dague* and *Davis*. In *WPPSS*, we specifically rejected *Dague's* application to common fund cases.

> We agree ... that *Dague's* rationale for barring risk multipliers in statutory fee cases does not operate to bar risk multipliers in common fund cases.

*WPPSS*, 19 F.3d at 1299 (footnote omitted). The analogy between common fund cases and § 406(b)(1) cases is clear: neither involves fee-shifting and both concern payment of a reasonable fee by the client (or client class) to his, her or its own attorney.

Thus, on remand, the district court should consider appellant's contingency arguments and may, if it so chooses, factor contingency into its determination of a reasonable fee. Whether and to what extent this factor will affect the fee ultimately awarded is a matter within the district court's discretion.

## CONCLUSION

█ Were we, like the Second Circuit in *Wells*, writing on a clean slate, we may have reached a different result. However, as a three-judge panel of this court, we are not free to depart from controlling precedent. *Nichols v. McCormick*, 929 F.2d 507, 510 n. 5 (9th Cir.1991), *cert. denied*, 502 U.S. 1115, 112 S.Ct. 1226, 117 L.Ed.2d 461 (1992).

AFFIRMED in part, REVERSED in part and REMANDED.

LEAVY, Circuit Judge, dissenting.

Judge Hogan followed the method of calculating attorney's fees by starting with the lodestar as required by *Starr v. Bowen,* 831 F.2d 872 (9th Cir.1987), and *Straw v. Bowen,* 866 F.2d 1167 (9th Cir.1989). He then considered the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975), which include contingency fee contracts as a consideration. In light of Judge Hogan's analysis, I cannot concur in the majority's decision to remand for a recalculation.

The majority remands, not because the district court incorrectly departed from our precedent by considering the contingency fee contract presumptively reasonable, but on the basis that the district court failed to consider the agreement at all. Specifically, the majority finds that the "district court apparently based its decision on a belief that it is impermissible to afford *any* consideration at all to contingency." Op. at 460. The majority bases its conclusion on the fact that the district court cited to fee-shifting cases, although § 406(b)(1) is not a fee-shifting statute. *Id.* at 460. The district court's analysis, however, clearly distinguished between fee-shifting and § 406(b)(1) cases. Having made the distinction, the district court then discussed the plaintiff's argument that his particular talents and exclusive practice warranted an enhancement. The record does not permit the conclusion that the district court rejected any consideration of the inherent contingency of this type of litigation, nor of the contingent fee contract at issue. Thus, the record does not permit the inference that the district court abused its discretion in finding $4,117.50 to be a reasonable fee. To the contrary, the record shows that the district court carefully considered the plaintiff's arguments as well as the settled Ninth Circuit precedent.

In my view, the district court is being told to consider what it has already considered. I would affirm.