106 F.3d 406
 98 Cal. Daily Op. Serv. 6281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Plas M. ALLEN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Defendant-Appellee.
 Nos. 95-35987, 95-35988.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1997.*
Decided Jan. 21, 1997.
 
 BEFORE: ALDISERT**, PREGERSON and THOMAS, Circuit Judges.
 MEMORANDUM***
 After remand from a prior appeal, Plas M. Allen now appeals the district court's denial of his request for additional attorney fees. Appellant sought fees under 42 U.S.C. § 406(b)(1), which governs fees for attorneys representing Social Security claimants, and 28 U.S.C. § 2412(d)(1)(A), the Equal Access to Justice Act. This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 1
 Appellant presents two questions on appeal: whether the district court abused its discretion in: (1) denying his request to increase the lodestar amount to reflect the existence of a contingency agreement between counsel and his client; and (2) denying his request for fees and expenses incurred in a prior appeal on grounds that the Commissioner's position was substantially justified. We hold that the district court did not abuse its discretion and we affirm.
 
 
 2
 The facts of this case are sufficiently set forth in a prior decision by this court and we need not reiterate them. See Allen v. Shalala, 48 F.3d 456 (9th Cir.1995). In that opinion, we held that "the trial court did not err in calculating reasonable attorney's fees based on the lodestar method." Id. at 459. However, we found that the district court's reference to language from City of Burlington v. Dague, 112 S.Ct. 2638 (1992), and citation to Davis v. City and County of San Francisco, 976 F.2d 1536 (9th Cir.1992), vacated in part, 984 F.2d 345 (9th Cir.1993), suggested that the trial court "apparently based its decision on a belief that it is impermissible to afford any consideration at all to contingency [agreements]." Allen, 48 F.3d at 460. Given precedents of this court and other courts of appeals allowing consideraton of contingency agreements as one of several factors that may support a court's decision to increase or decrease the previously determined lodestar amount, we remanded the case for additional consideration:
 
 
 3
 [O]n remand, the district court should consider appellant's contingency arguments and may, if it so chooses, factor contingency into its determination of a reasonable fee. Whether and to what extent this factor will affect the fee ultimately awarded is a matter within the district court's discretion.
 
 
 4
 Id.
 
 I.
 
 5
 Appellant argues that the lodestar hourly rate of $150 should be multiplied by three to reflect the risk attorneys assume when taking Social Security appeals to federal courts on a contingency-fee basis because of the low success rates for such cases. He claims the district court abused its discretion by adopting "a per se rule that contingency may never be considered as a lodestar multiplier because it will necessarily result in the 'subsidization' of losing claimants by winning claimants." Appellant's Br. at 10.
 
 
 6
 Appellant's argument lacks merit. The district court did not adopt a per se rule against considering the existence of a contingency agreement when deciding whether to increase or decrease the lodestar amount. On remand, the court stated: "I have carefully considered counsel's contingency arguments and for the reasons set forth below I affirm the award of reasonable attorney fees in the amount of $4,117.50." ER 40. The trial court made reference to this court's ruling that the existence of a contingent fee may be considered only as one of many competing factors and courts cannot use that factor to subsidize losing plaintiff's claims. ER 40. See also Allen, 48 F.3d at 460 (citing Straw v. Bowen, 866 F.2d 1167, 1171 (9th Cir.1989)).
 
 
 7
 The district court considered a number of factors: (1) the existence of a contingency agreement; (2) Appellant's arguments that his attorney had special skills and a practice solely focused on Social Security claims; (3) the need to ensure availability of counsel for Social Security claimants; and (4) the need to protect already inadequate stipends awarded to disability claimants. On balance, the court concluded that a "multiplier of the lodestar amount of attorney fees is not appropriate in this case." ER 41 (emphasis added). Thus, Appellant's contention is not supported in the record. The district court was within its discretion in denying a multiplier in this case.
 
 II.
 
 8
 On remand from the prior appeal, Appellant moved for fees and expenses totaling $4,164.12 under the Equal Access to Justice Act (EAJA). That statute in relevant part provides:
 
 
 9
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ..., incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 10
 28 U.S.C. § 2412(d)(1)(A), as amended. Substantially justified means justified to a degree that could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 565 (1988). Appellant argues that the district court abused its discretion by denying him EAJA fees. He contends the Commissioner's position on his request for fees under § 406(b) of the Social Security Act was not substantially justified. We disagree.
 
 
 11
 Appellant asserts that the riskiness of an individual case is an inappropriate basis for enhancing the lodestar amount under settled case law of this court. Thus, according to Appellant, the Commissioner was not justified in arguing that his attorney was not entitled to a lodestar enhancement because he failed to show his case was unusually risky or unique. Appellant's Br. at 30. However, Appellant, too, asked this court to find that "this one successful claimant [ ] pay for the risk of loss in his own case." Appellant's Br. at 23. He further asked "that the court increase the lodestar amount by awarding a contingency multiplier to compensate him for the risk of loss in this case." Id. Because both parties emphasized the issue of case-specific riskiness, we reject this contention of Appellant.
 
 
 12
 In examining whether the Commissioner's arguments were substantially justified, the district court noted that in opposing Appellant's claim for attorney fees under § 406(b), the Commissioner first argued that under Starr v. Bowen, 831 F.2d 872 (9th Cir.1987), an assessment of the reasonableness of a fee request must begin with the lodestar calculation. ER 45. The district court found the Commissioner's argument was supported in law and fact. Citing Starr, the court concluded that the correct starting point for determining a reasonable fee is the lodestar amount. Thus, the Commissioner's position was substantially justified. ER 21. The court also noted that the Commissioner did not argue contrary to established law, i.e., she did not claim that the existence of a contingent fee should be completely excluded as a consideration when setting reasonable fees. Consistent with established law, the Commissioner argued that an enhancement was inappropriate in this case. ER 46-47.
 
 
 13
 On appeal, we reaffirmed the appropriateness of the Commissioner's position, holding that the proper means to calculate reasonable fees requires beginning with the lodestar method of Starr and Straw v. Bowen. Allen, 48 F.3d at 458-59. Therefore, the district court's conclusion on remand that the Commissioner's position was substantially justified is supported in the record and precedents of this court. Appellant has failed to convince us that any abuse of discretion took place.
 
 
 14
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3