Carl **WIDRIG**, Plaintiff–Appellant,

v.

Kenneth S. **APFEL**,* Commissioner, Social Security Administration, Defendant–Appellee.

Jean A. **SIMPSON**, Plaintiff–Appellant,

v.

Kenneth S. **APFEL**, * Commissioner, Social Security Administration, Defendant–Appellee.

Nos. 96–36262, 96–36263.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1998.

Memorandum March 2, 1998.

Order and Opinion Decided April 7, 1998.

---

* Kenneth S. Apfel, successor to Shirley S. Chater, as Commissioner of the Social Security Administration, is substituted in her stead as defendant-appellee, pursuant to Fed. R.App. P. 43(c)(1).

Ralph Wilborn, Eugene, Oregon, for plaintiffs-appellants.

Douglas Cohen, Office of the General Counsel, Social Security Administration, Baltimore, Maryland, for defendant-appellee.

Before: PREGERSON, TROTT and TASHIMA, Circuit Judges.

## ORDER

Appellee's request for publication is granted. The Memorandum filed March 2, 1998, is redesignated as an authored Opinion by Judge Tashima.

## OPINION

TASHIMA, Circuit Judge:

Carl Widrig and Jean Simpson (collectively "appellants") appeal the district court's awards of attorney's fees in their Social Security cases.[1] In both cases, the court awarded fees based on an hourly rate of $175. Appellants seek an hourly rate of $200, as well as a multiplier due to the contingent nature of their fee arrangements.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both cases. We review the amount of attorney's fees awarded by the district court for an abuse of discretion. See Allen v. Shalala, 48 F.3d 456, 457 (9th Cir.1995).

After counsel successfully represented appellants in the district court in appealing the denials of their Social Security benefits, appellants sought attorney's fees pursuant to 42 U.S.C. § 406(b)(1).[3] In accordance with § 406(b)(1) and contractual arrangements, counsel was to be paid on a contingency basis at twenty-five percent of the retroactive benefits received. In Widrig's case, this would amount to $312/hour. The district court found that $175 was a reasonable hourly rate,

"even in light of the contingent nature of social security cases," and did not apply an enhancement multiplier. In Simpson's case, the contingent fee would amount to $225.95/hour. The district court in this case also found that $175 was a reasonable hourly rate and that there were no grounds for adjusting the lodestar amount.

### I. Reasonable Hourly Rate

This Circuit has adopted the "lodestar" method of calculating attorney's fees under § 406(b)(1).[4] See Allen, 48 F.3d at 458. To calculate a reasonable attorney's fee for a successful social security claim, the district court multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); Allen, 48 F.3d at 458. The court may then adjust that lodestar amount by considering the twelve factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975).[5] See Allen, 48 F.3d at 458.

Appellants contend that declarations of the prevailing market rate in the relevant community are sufficient to establish a reasonable hourly rate, citing Guam Soc'y of Obstetricians & Gynecologists v. Ada, 100 F.3d 691, 696 (9th Cir.1996), cert. denied, —— U.S. ——, 118 S.Ct. 367, 139 L.Ed.2d 286 (1997). While this may be true, appellants failed to submit "satisfactory evidence ... that the requested rates are in line with

1. Widrig's and Simpson's appeals were consolidated.

2. Although Widrig and Simpson are the named appellants, the real party in interest on these appeals is obviously their attorney.

3. Section 406(b)(1) provides in part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.... In the case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

4. The other method is the "contingency" method, in which the court assumes that a contingency fee agreement is "presumptively reasonable," reducing the amount called for in the agreement only when the court finds that the amount is unreasonable. See Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir.1990).

5. Those factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. 526 F.2d at 70.

those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984).

In support of their claims, appellants submitted affidavits from Drew Johnson and Bruce Brewer, two attorneys with extensive experience in Social Security cases, who stated that $200 was a reasonable hourly rate for the services of appellants' counsel. However, this does not establish the prevailing market rate. The only evidence of rates charged for similar services is that Johnson, who has twenty years' experience in Social Security matters and also represents claimants in federal court, charges $150/hour. The Johnson and Brewer affidavits merely attest that $200 is a reasonable hourly rate for the services of appellants' counsel. In light of the evidence submitted, the district court did not abuse its discretion in either case in finding the evidence insufficient to support an award based on an hourly rate of $200.

▮▮ Appellants also contend that the district court abused its discretion because it failed to explain the reasons for its conclusions. Appellants rely on *Jordan v. Multnomah County,* 815 F.2d 1258 (9th Cir.1987), which reversed an award of attorney's fees because the record contained no basis for the amount awarded. *See id.* at 1263. However, unlike *Jordan,* the district court in the instant cases did make findings regarding the sufficiency of the evidence submitted by appellants and explained the reasons for its conclusions. The court found that the Johnson and Brewer affidavits were insufficient to support an hourly rate of $200. In Widrig's case, it also reasoned that counsel had recently been awarded fees at an hourly rate of $175, further justifying $175 as a reasonable lodestar rate. Thus, there was no abuse of discretion.[6]

## II. Contingency

▮▮ Appellants correctly contend that contingency is a factor to be considered in

determining a reasonable fee. *See Allen,* 48 F.3d at 460. However, the records show that the district court did consider contingency in making its decisions.

In *Widrig,* the court noted our admonition not to allow the contingency factor to make victorious claimants subsidize the claims of losing claimants, *see id.,* and thus declined to increase the lodestar rate by a contingency enhancement. In *Simpson,* the court stated that it had "fully considered each of the factors noted in *Kerr,* as well as the arguments of counsel," and concluded that there were no grounds to increase the lodestar rate, reasoning that the case was "a straightforward social security case." *Cf. Straw v. Bowen,* 866 F.2d 1167, 1170 (9th Cir.1989) (finding that contingency did not justify tripling standard rate because there was "no evidence that the ... cases were unusually risky").

▮▮ Once the court considers whether to enhance for contingency, the decision "[w]hether and to what extent this factor will affect the fee ultimately awarded is a matter within the district court's discretion." *Allen,* 48 F.3d at 460. Neither court abused its discretion in deciding not to enhance for contingency.

Appellants cite *Fadhl v. City and County of San Francisco,* 859 F.2d 649 (9th Cir. 1988), for the proposition that we should examine the contingency of Social Security cases as a class rather than assessing the riskiness of a particular case. *Fadhl,* however, dealt with a fee-shifting statute, under which the prevailing party's attorney's fees are paid by the losing party. *Id.* at 650.[7] We have previously noted the differences in language and purpose between § 406(b)(1) and fee-shifting statutes, and concluded that § 406(b)(1) is more analogous to common fund cases, which, like § 406(b)(1), do not involve fee-shifting, but concern payment by the client to his or her own attorney. *See Allen,* 48 F.3d at 459–60. These differences

---

6. Moreover, *Jordan* involved an award of attorney's fees under 42 U.S.C. § 1988, and the *Jordan* court noted that the district court's discretion under § 1988 has been narrowly construed, a limitation not found in § 406(b)(1) cases. *See Jordan,* 815 F.2d at 1261.

7. In *Fadhl,* a Title VII case, the fee award was made under 42 U.S.C. § 2000e–5(k).

preclude the simple transfer of principles from one context to the other.

Appellants further contend that we should adopt the Second Circuit's requirement that the district court "articulate, on the record, the weight assigned to the risks of contingency in its calculation of a fee." *Wells v. Bowen*, 855 F.2d 37, 46 (2d Cir.1988). Second Circuit cases are inapposite, however, because the Second Circuit has adopted the contingency method of determining a reasonable fee under § 406(b)(1), whereas the Ninth Circuit uses the lodestar method. *See Allen*, 48 F.3d at 458. The contingency method requires the district court to treat the contingency agreement as presumptively reasonable. Therefore, this method necessarily requires the court to articulate its reasons, if it finds the agreement unreasonable. By contrast, under the lodestar method, contingency is one factor to consider in determining the fee award, but the district court is not required to articulate its reasons for factoring in contingency.

The district court did not abuse its discretion in basing the fee awards on an hourly rate of $175 or in declining to enhance the lodestar amount for contingency. The judgments of the district court are *AFFIRMED*.