**Joseph ENNIS, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Defendant— Appellee.**

No. 03–55259.

D.C. No. CV–02–02054–JFW.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 2004.[*]

Decided Nov. 4, 2004.

Stephanie M. Simpson, Northridge, CA, for Plaintiff–Appellant.

Katherine R. Loo, SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

300

Before TASHIMA, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Ennis appeals the denial of his application for Social Security disability benefits. The Administrative Law Judge (ALJ), acting on behalf of the Commissioner, ultimately determined that Ennis is able to perform jobs that exist in significant numbers in the national economy. On appeal, the district court granted summary judgment to the Commissioner, affirming the denial of Ennis' application for disability benefits. We review de novo a district court order affirming the Commissioner's denial of benefits. *See Moisa v. Barnhart,* 367 F.3d 882, 885 (9th Cir.2004).

First, substantial evidence supports the ALJ's determination that neither Ennis' hepatitis C nor his depression meets or equals, singly or combined, a disability listing. *Sullivan v. Zebley,* 493 U.S. 521, 529–30, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). Second, substantial evidence also supports the ALJ's determination that, on the basis of Ennis' residual functional capacity (RFC), he is limited to sedentary work. *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir.1999). Third, the ALJ's hypothetical question to the vocational expert properly set out all of Ennis' impairments. The vocational expert relied on the impairments in determining what job or jobs Ennis would be able to perform, given his RFC, and "the availability of such jobs in the national economy." *Id.* at 1101. Fourth, we disagree with Ennis' reading of the testimony and hold that the ALJ did not improperly disregard the agency's medical expert whose opinion was properly confined to her medical specialty. Finally, Ennis' argument that the district court abused its discretion in upholding the ALJ's denial of benefits is without merit. *Allen v. Shalala,* 48 F.3d 456, 457 (9th Cir.1995).

**AFFIRM.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

