**Herman BLACK, Plaintiff,**

v.

**Michael J. ASTRUE \*, Commissioner of the Social Security Administration, Defendant—Appellee,**

**Steven G. Rosales, Real–party–in–interest—Appellant.**

**No. 05–56628.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2007.

Filed April 24, 2007.

516

Law Offices of Lawrence Rohlfing, San-ta Fe Springs, CA, for Plaintiff.

Alarice M. Medrano, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Geralyn A. Gulseth, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Steven G. Rosales, Santa Fe Springs, CA, pro se.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE **, District Judge.

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM ***

Real-party-in-interest Steven Rosales appeals the reduction of his attorney's fees award to $9,750 in this successful Social Security benefits case. We reverse.

In order to provide for representation of social security claimants, Congress authorized payment of "a reasonable fee for such representation, not in excess of 25 percent of past due benefits" won through that representation. 42 U.S.C. § 406(b)(1)(A). The statutory and regulatory regime is unusual in allowing only contingency fees. In other words, where benefits are denied, no fees are allowed. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). In fact, it is a criminal offense for an attorney to charge a *non*contingent fee or a fee in excess of the 25 percent statutory ceiling. *See* 42 U.S.C. § 406(b)(2); 20 CFR § 404.1740(c)(2); *Gisbrecht*, 535 U.S. at 795–96, 122 S.Ct. 1817.

Under *Gisbrecht*, a district court is required to conduct an independent review of a fee request for "reasonableness." *Gisbrecht*, 535 U.S. at 807–08, 122 S.Ct. 1817. Resolving a circuit split on the issue, *Gisbrecht* held that § 406(b) was designed to control contingency fee agreements, not to displace them. *Id.* at 807, 122 S.Ct. 1817. The Supreme Court rejected the reliance on lodestar calculations that do not give primary effect to lawful attorney-client fee agreements. *Id.* at 806–07, 122 S.Ct. 1817.

In this case, despite citing *Gisbrecht*, the magistrate judge[1] focused on a lodestar-

1. The parties agreed that the case may be handled by the magistrate judge acting for the district court, and the appeal is taken directly from the magistrate judge's order awarding fees.

type calculation rather than crediting the contingency fee agreement and then performing a reasonableness check. In particular, the court noted that the requested fee would result in "a de facto hourly rate that would be the envy of practitioners in almost any field," signaling the court's overwhelming focus on the effective hourly rate. The court did not consider most of the reasonableness factors noted in *Gisbrecht,* including the attorney's risk of loss, the nature and character of the representation, future benefits accruing to the petitioner from counsel's work, delays caused by counsel and other uncertainties. *Id.* at 805, 808, 122 S.Ct. 1817. Nor did the court explicitly consider that the petitioner in this case did not object to the fee award or counsel's own reduction of the fees from the amount due under the contingency fee agreement. Rather, the district court merely noted that the issues were not complex and not a lot of time was required to resolve them. *See, e.g., id.* at 808, 122 S.Ct. 1817.

Because the magistrate judge did not fully incorporate the *Gisbrecht* framework, the reduction of the fees constituted an abuse of discretion. *See Allen v. Shalala,* 48 F.3d 456, 457 (9th Cir.1995) (review is for abuse of discretion), *abrogated on other grounds by Gisbrecht,* 535 U.S. 789, 122 S.Ct. 1817. On remand, the district court should reconsider the reasonableness of the fees sought, in light of the contingency fee agreement and the factors bearing upon reasonableness but without primary focus on a lodestar calculation of fees.

**REVERSED and REMANDED.**

WHYTE, District Judge, dissenting.

I would affirm the district court's award of attorney's fees. The magistrate judge conducted an independent review of the fee request and awarded a not-unreasonable amount in fees. *See Gisbrecht v.*

*Barnhart,* 535 U.S. 789, 807–08, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Because the magistrate judge applied the correct law and did not make any clearly erroneous factual findings, the reduction of the requested contingency fee did not constitute an abuse of discretion. *See Allen v. Shalala,* 48 F.3d 456, 457 (9th Cir.1995), *abrogated on other grounds by Gisbrecht,* 535 U.S. 789, 122 S.Ct. 1817.

Appellant's argument that the amount requested was reasonable on the grounds that the request was based on a contingency fee agreement and that counsel had unilaterally reduced his fee request overlooks *Gisbrecht's* mandate of "court review" to operate as "an independent check" on the reasonableness of a contingency fee agreement in a Social Security benefits case. *Id.* at 807, 122 S.Ct. 1817.

Appellant's second argument—that the magistrate judge's discussion of hourly rates indicates a failure to follow *Gisbrecht*—is not persuasive. The magistrate judge referred to *Gisbrecht,* acknowledged the contingency agreement, and conducted the reasonableness analysis that *Gisbrecht* requires. *See id.* at 807–08, 122 S.Ct. 1817 (noting that a district court may require counsel to submit a record of the hours spent and the lawyer's normal hourly billing rate for non-contingent fee cases to aid the court's reasonableness assessment). The magistrate judge's use of hourly rates as a comparison basis for finding a reasonable fee amount resulted in a not-unreasonable award. I do not infer from his comparison that the magistrate judge unreasonably focused on the effective hourly rate as opposed to crediting the contingency fee agreement and then performing a reasonableness check. The generous lodestar rate applied gave significant weight to the contingency fee agreement and implicitly accounted for the uncertainties, delays,

and risks inherent in contingency fee agreements.