**Noelle JOHNSON, etc., Plaintiff–Appellant,**

**v.**

**CREDIT INTERNATIONAL, INC., etc., Defendant–Appellee.**

No. 05–16696.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Nov. 8, 2007.

O. Randolph Bragg, Esq., Horwitz Horwitz & Associates, Ltd., Chicago, IL, Paul S. Arons, Esq., Law Office of Paul Arons, Redding, CA, for Plaintiff–Appellant.

Mark E. Ellis, Esq., June D. Coleman, Esq., Murphy Pearson Bradley & Feeney a Professional Corporation, Sacramento, CA, for Defendant–Appellee.

Before: ROTH *, THOMAS, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Noelle Johnson appeals the district court's order awarding attorneys' fees and costs in a case that she brought against Credit International, Inc., alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.)* and the California Unfair Competition Law (Cal. Bus. & Prof.Code §§ 17200 *et seq.).* For the reasons discussed below, we affirm the district court's order in part and vacate and remand in part.

Because the parties are familiar with the factual and procedural history, we recount it here only briefly. After writing a check that failed to clear, Johnson began to receive collection demands from Credit International. She filed the present suit against Credit International in January 2003. After conducting some discovery,

Johnson moved for class certification in March 2004. In April 2004, before a class had been certified, Credit International served a Federal Rule of Civil Procedure 68 offer of judgment to settle the suit as an individual action. Johnson accepted Credit International's Rule 68 offer in May 2004.

Following the district court's entry of judgment in her favor pursuant to the settlement, Johnson moved for attorneys' fees and costs. She sought fees in the amount of $38,090.50, based on hourly rates of $435 and $400 for her attorneys, and costs of $2,293.34. The district court reduced both the claimed hourly rates and the claimed amount of time expended, denied certain attorney travel costs, and awarded Johnson a total of $15,727.74 in fees and costs.

The Fair Debt Collection Practices Act provides that a plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). On appeal, Johnson challenges the district court's denial of the requested hourly rates for her attorneys, reduction in the hours for which attorney fees could be recovered, and denial of time and costs spent for Johnson's attorney to travel to defend her deposition.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review factual determinations underlying an award of attorneys' fees for clear error and the legal premises that the district court used to determine the award de novo. *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1147–48 (9th Cir.2001). If the district court applied the proper legal

---

\* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

standards and did not clearly err in any factual determination, we review its award of attorneys' fees for abuse of discretion. *Id.* This review includes consideration of whether the district court satisfied its obligation to articulate the reasons for the fee award. *Id.*

A district court must calculate awards for attorneys' fees using the "lodestar" method. *Ferland,* 244 F.3d at 1149 n. 4. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir.1996) (internal quotation marks omitted)); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ The district court denied recovery for all but 0.50 hours of time, spent by Johnson's attorney traveling between Chicago and San Francisco to defend her deposition, and the related travel costs. The ground asserted by the district court for this denial was that Johnson's attorney had not presented any reason why local counsel could not have attended the deposition. We conclude that this denial was an abuse of discretion. We are not aware of any case law or anything in the record before us that suggests it was unreasonable for Johnson to have her own attorney defend her deposition merely because a local attorney might be available. If the travel time was reasonably expended, the travel costs should also be recoverable. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1216 n. 7 (9th Cir.1986) ("[O]ut-of-pocket expenses incurred by an attorney

which would normally be charged to a fee paying client are recoverable as attorney's fees."). We therefore vacate the denial of Johnson's attorney's travel time and related costs and remand this issue to the district court for further consideration.

■ We affirm the district court's order in all other respects. We are mindful that the district court's obligation is to calculate "reasonable" fees "according to the prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), and that the rates of attorneys practicing in the forum district are generally used. *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir.1992). We are disappointed with the district court's lack of detailed analysis regarding the prevailing market rate in the forum district and (to a lesser extent) the amount of time reasonably expended in this type of matter. The district court should have more thoroughly explained why it declined to rely on Johnson's submissions supporting the requested rates and time expenditures. *See United Steelworkers of America v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.1990).

With the exception of travel time and costs, however, there is a sufficient factual basis for the district court's determinations so that we cannot say they were clearly erroneous. The record supports the district court's finding that this was not a complex case. In light of this finding, the district court's determination that both the claimed time expended and the claimed hourly rates[1] were excessive did not amount to an abuse of discretion. *See*

---

1. Johnson faults the district court for citing FDCPA cases in other districts in reaching its hourly rate. Johnson bore the burden of establishing that the requested rates were reasonable. *Widrig v. Apfel,* 140 F.3d 1207, 1209–10 (9th Cir.1998). While we would not endorse application of a national average rate

for FDCPA cases, it does not appear that the district court relied on those other cases to apply a national average. Rather, the district court considered them as evidence that the rates requested were not within the market range for similar cases in the Northern District of California.

*Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. 1541 (The district court's obligation is to determine a "reasonable" rate, that is, one that is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."); *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933.

We therefore **AFFIRM** the order of the district court in part and **VACATE** and **REMAND** it in part.

Each party to bear their own costs.