**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERYL CASON, | No. 11-16575 |
| Plaintiff, | D.C. No. 3:10-cv-0792 EMC |
| v. | |
| FEDERATED LIFE INSURANCE CO., | MEMORANDUM[*] |
| Defendant/Appellee. | |
| OPTIMUM HEALTH INSTITUTE, | |
| Real-Party-In-Interest/Appellant. | |

On Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted February 15, 2013
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and MURGUIA, Circuit Judges, and MCNAMEE, Senior District Judge.[**]

Appellant Optimum Health Institute appeals from a civil contempt order by the district court. The district court held Appellant in civil contempt after it refused to comply with the court's order that it disclose certain documents to Federated Life Insurance Company. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review orders of contempt for an abuse of discretion, but a district court abuses its discretion if it applies incorrect law. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999); *Allen v. Shalala*, 48 F.3d 456, 457 (9th Cir. 1995), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789, 799 (2002). We affirm the district court's contempt order.

Appellant contends that the district court erred by discounting its argument that documents sought by Federated were protected from discovery by constitutional privilege under the religion clauses of the First Amendment. The district court properly held that Appellant's documents were not protected from discovery by any constitutional privilege.

---

[**] The Honorable Stephen M. McNamee, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Appellant's documents were not protected from disclosure under the Free Exercise clause because the subpoena ordering the disclosure of records relating to Cason's attendance at OHI – put into issue in her secular dispute with Federated by Cason herself – could, at most, have only incidentally affected OHI's ability to practice its religion. *Cf. Emp't Div., Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 879 (1990) (neutral and generally applicable laws which only incidentally burden religion do not violate the Free Exercise clause).

Appellant's documents were not protected by the right to associational privacy because the documents did not disclose any private association, because Cason herself disclosed that she attended OHI, and OHI was permitted to redact the name of any other person from all the documents. *See Perry v. Schwarzenegger*, 591 F.3d 1126, 1139-40 (9th Cir. 2009) (the party asserting a free association privilege must make a prima facie showing that there is arguably an infringement of that party's right of free association).

Appellant's documents were not protected under the Establishment Clause because the subpoena had a secular purpose, did not advance or inhibit religion, and did not foster excessive government entanglement with religion. *Newdow v. Rio Linda Union Sch. Dist.*, 597 F.3d 1007, 1017 (9th Cir. 2010) (citing *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971)).

Appellant also contends that the district court erred by finding that Appellant had waived its claim of a privacy privilege when it inadvertently disclosed purportedly privileged documents. However, the district court explicitly held that the documents over which Appellant asserted privacy privilege would not have been protected by that privilege regardless. Therefore, any error was harmless.

Finally, OHI did not make a Religious Freedom Restoration Act ("RFRA") challenge to the subpoena until its 28j letter one week before oral argument. *See, e.g.*, *United States v. Quesada*, 972 F.2d 281, 284 (9th Cir. 1992) ("Because appellant failed to present this issue to the district court, we deem it waived."). From the beginning of this dispute, OHI challenged the subpoena on First Amendment grounds, which is not the same as raising a RFRA challenge to the subpoena. *See, e.g.*, *United States v. Lafley*, 656 F.3d 936, 939 (9th Cir. 2011) ("On appeal, Lafley does not challenge the Condition on First Amendment grounds. Rather, he argues that insofar as the Condition prohibits his religious use of marijuana during the term of his supervised release, it violates RFRA."). Therefore, OHI's RFRA argument is waived.

Accordingly, the court did not abuse its discretion in holding Appellant in civil contempt for failure to comply with the court's order that Appellant produce the documents.

**AFFIRMED.**